Rogers *vs.* Mariner *et al.*

---

## ROGERS *vs.* MARINER *et al.*

1. M. gave bond to R. in the sum of $250 00, conditioned, that if M. and his wife deliver possession of a lot in the city of Columbus, on 25th December, or on demand to R. provided R. shall, on like demand, at the same time deliver possession to M., and wife of another lot.   On suit to enforce payment, the plaintiff failed to show on the trial the quantity of interest intended to be passed between the two in respect to the lot: *Held*, That the Court properly awarded a non-suit.

Debt on Bond, from Muscogee county.   Decision by Judge WORRILL, November Term, 1859.

The plaintiff in error brought an action against defendants to recover damages for an alleged breach of a bond given him by them, the condition of which is as follows:

" The condition of this obligation is such, that if said Mariner and his wife shall, on the 25th day of December next, or thereafter, on demand, deliver to said Rogers, or his order, possession of the north half of the lot in the city of Columbus, in said county, and distinguished in the plan of said city as lot No. 137, with the present improvements thereon, provided said Rogers shall, upon a similar demand at the same time, deliver possession to said Mariner or wife

of that parcel of ground lying in said county, in the Coweta Reserve, and known as the southeast quarter of the one hundred acre lot, No. 114 in said Reserve, containing twenty-five acres, then this bond to be void, else to remain in full force and virtue."

Plaintiff, on the trial, put this bond in evidence. He then proved that plaintiff at several times offered to make the exchange of lots, tendering his own to defendant, Mariner and his wife, and demanding theirs from them; and that they failed and refused to make the exchange. He also proved that defendant's lot was worth $200 00 more than plaintiff's; that plaintiff had incurred expense and damage of several hundred dollars by having to move his family about; rent, etc., by reason of defendant's refusal to make the exchange. After the bond was executed, plaintiff moved to town from his lot, expecting Mariner to take it. Mariner plowed a portion of this twenty-five acre lot; did not move on it; it was damaged by not being taken care of afterwards; Mariner disclaimed owning the lot he had agreed to exchange.

The plaintiff having rested his case with this testimony, counsel for defendants then moved a non-suit, and the motion was sustained by the Court. Afterwards, counsel for plaintiff moved a rule for a new trial, on the ground that the Court erred in granting said non-suit.

The Court refused the rule, and counsel for plaintiff excepted.

INGRAM & CRAWFORD, for plaintiff in error.

HOLT & HUTCHINS, *contra.*

*By the Court.*—LYON, J., delivering the opinion.

When this case was before this Court on a former occasion, 26 *Ga.,* 320, a new trial was ordered because of error in the Court's refusing to admit evidence to show that the estate intended to pass with the possession was one in fee; and further, that "the measure of damages depends on the quantity of interest which was to be interchanged with the possession." The evidence had on the present trial leaves the case in more uncertainty and doubt than ever. The evidence wholly fails

to show the quantity of interest which was intended to be interchanged. The witness says they were to make an even exchange, but of what interest in the lots, does not appear; and as the plaintiff failed to show that, so that the damages might be measured, the Court did right to award a non-suit.

Judgment affirmed.